RECEIVED
JUN 2 0 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

STACEY W. BRACKENS,

    Plaintiff,

v.

LILLIA MAY LEWIS BRACKENS,

    Defendant.

CV05-1079 S

CIVIL ACTION

No. 05-1172-MLB

JUDGE HICKS

MAG JUDGE HORNSBY

## ORDER TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1404(a)

Before the court are plaintiff's pro se Complaint (Doc. 1) and plaintiff's application to proceed in forma pauperis. (Doc. 2). For the following reasons, this case is transferred to the United States District Court for the Western District of Louisiana, Shreveport Division.

### Applicable Law

The court may for the "convenience of the parties and witnesses [and] in the interest of justice" transfer a civil action to another district where the suit "might have been brought." 28 U.S.C. § 1404(a). The Tenth Circuit provides the following factors for the court to consider:

> Plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of the judgement if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.

Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991)(quoting Tex. Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967)). See also Koehring Co. v. Hyde Const. Co., 324 F.2d 295, 296 (5th Cir. 1963)(quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-9 (1947))(listing factors similar to those described by the Tenth Circuit).

### Plaintiff's Choice of Forum

Normally there is a strong presumption in favor of the plaintiff's chosen forum. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981). However, there are situations which can overcome this presumption and point to an alternate forum. See id.; Gschwind v. Cessna Aircraft Co., 161 F.3d 602, 606 (10th Cir. 1998). Reviewing factors listed above leads the court to the conclusion that this is a situation where an alternate forum is appropriate.

### Accessibility of Witnesses

The Complaint reveals that the plaintiff is a resident of Wichita, Kansas. (Doc. 1 ¶ 3). Defendant, Lillia May Lewis Brackens, is a resident of Louisiana. (Id. ¶ 5). Additionally, all witnesses, land, property, wills, and contracts at issue are located in Louisiana, specifically in Bienville Parish. (See Attachments to Doc. 1). Accessibility favors Louisiana.

### Conflict of Laws Issue

A diversity court must apply the choice of law rules of the forum state. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Commercial Union Ins. v. John Massman Contracting, 713 F. Supp 1403, 1404-5 (D. Kan. 1989). The district court ordinarily

must apply choice of law rules of the state in which it sits; however, where the case is transferred under § 1404, the court must apply choice of law rules of the state from which case was transferred. Piper Aircraft Co., 454 U.S. at 244. Therefore, if the case is transferred to Louisiana under § 1404(a), the Louisiana transferee court must apply Kansas choice of law rules.

Kansas courts follow a traditional approach to choice of law when determining what law to apply with regards to wills and estates. See Raskin v. Allison, 57 P.3d 30, 32 (Kan. Ct. App. 2002). The rule provides that the court must look to the laws of the state of the testator's domicile and the laws of the place of making. See Woolums v. Simonsen, 214 Kan. 722, 731, 522 P.2d 1321, 1329 (1974)(noting Keith v. Eaton, 58 Kan. 732, 735-6, 51 P. 271, 273 (1897)). If the case remains in Kansas, the court would apply Louisiana law because Louisiana is the testator's domicile and the place where the will was made.

### Advantages to Transferring Case to Louisiana

The advantages of transferring this cause of action to Louisiana are that (1) diversity of citizenship is the basis for federal jurisdiction, (2) a Louisiana court is in the best position to interpret Louisiana law, and (3) Kansas has no connection to the case, with the exception that the plaintiff resides here. Louisiana is the most advantageous venue because the majority of the parties and witnesses are present there, the will and property at issue are located in Louisiana, and Louisiana law applies to the cause of action.

### Louisiana as an Appropriate Venue

In addition to considering the factors regarding whether to transfer a civil action to another jurisdiction, the court must also determine whether venue exists in the transferee jurisdiction. See Van Dusen v. Barrack, 376 U.S. 612, 621-22 (1964). 28 U.S.C. § 1391(a) provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action may otherwise be brought.

As described in the Complaint, the defendant resides in Louisiana. (Doc. 1 ¶ 5). Furthermore, all of the events at issue which give rise to the case occurred in Louisiana. Therefore, pursuant to the framework of § 1391(a)(1) and (2), Louisiana is the appropriate venue for transfer.

### Conclusion

Therefore, for the reasons set forth herein and for the convenience of the parties and in the interest of justice, the court transfers this case to the United States District Court of the Western District of Louisiana, Shreveport Division pursuant to 28 U.S.C. § 1404(a).

IT IS SO ORDERED.

Dated this __15th__ day of June 2005, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

ECF DOCUMENT
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the District of Kansas
Date Filed: 6-15-05
RALPH DeLOACH, CLERK
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
DISTRICT OF KANSAS

RALPH L. DeLOACH
CLERK

INGRID CAMPBELL
CHIEF DEPUTY CLERK

259 U.S. COURTHOUSE
500 STATE AVENUE
KANSAS CITY, KANSAS 66101
(913) 551-6719

June 15, 2005

RECEIVED
JUN 2 0 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

WICHITA, KS

204 U.S. COURTHOUSE
401 N. MARKET
WICHITA, KANSAS 67202
(316) 269-6491

490 U.S. COURTHOUSE
444 S.E. QUINCY
TOPEKA, KANSAS 66683
(785) 295-2610

Mr. Robert H. Shemwell, Clerk
United States District Court
1167 United States Court House
300 Fannin Street
Shreveport, LA 71101

**CV05-1079 S**

JUDGE HICKS
MAG JUDGE HORNSBY

Re: Stacey W. Brackens vs. Lillia May Lewis Brackens;
USDC of Kansas Case Number: 05-1172-MLB

Dear Clerk:

Enclosed please find a certified copy of the Order of Transfer in the above captioned action. Also enclosed is an attested copy of our docket sheet and the remainder of our original paper file.

Please acknowledge receipt of the above documents on the enclosed copy of this letter. A return envelope has been provided for your convenience.

Sincerely,
RALPH L. DeLOACH, CLERK

By: __S/ C. Schoonover__
C. Schoonover, Deputy Clerk

Enclosures

cc: Stacey W Brackens
3201 S. Millwood
Wichita, KS 67217