**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

STACEY W. BRACKENS                         CIVIL ACTION NO. 05-1079

VERSUS                                           JUDGE S. MAURICE HICKS, JR.

LILLIA MAY LEWIS BRACKENS            MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

**I.    INTRODUCTION.**

Before the Court is a Motion for Summary Judgment (Record Document 19) filed by Defendant Lillia May Lewis Brackens ("Defendant"). Defendant moved for summary judgment on Plaintiff Stacey W. Brackens' ("Plaintiff") claims that (1) Defendant unlawfully conspired together with her lawyer to fraudulently deprive him of his inheritance from his deceased father's estate; and (2) Defendant in so doing discriminated against him under the Americans with Disabilities Act ("ADA"). After a thorough review of the record, the Court finds that there are no genuine issues of material fact and summary judgment in favor of Defendant is proper as a matter of fact and law as to Plaintiff's ADA claim. Plaintiff's remaining claims are dismissed without prejudice, as the Court declines to exercise supplemental jurisdiction over those claims and diversity of citizenship subject matter jurisdiction does not exist over those claims.

**II.    FACTUAL BACKGROUND.**

Plaintiff is the natural child of the late Earl Lee Brackens. See Record Document 19, Exhibits (Affidavit of Death and Heirship). Earl Lee Brackens died testate on July 14, 2004 and was a domiciliary of Bienville Parish, Louisiana at the time of his death. See id., Exhibits (Affidavit of Death and Heirship and Petition for Probate of Notarial Testament).

He was married three times, with the first two marriages ending in divorce. See id., Exhibits (Affidavit of Death and Heirship). His third marriage was to Defendant, who survived him. See id. Earl Lee Brackens had three natural children and two step children. See id., Exhibits (Last Will and Testament).

The Succession of Earl Lee Brackens was opened on October 22, 2004 in the proceeding entitled "Succession of Earl Lee Brackens," Probate Docket Number 7-244, Second Judicial District Court, Parish of Bienville, State of Louisiana. See id., Exhibits (Affidavit of Death and Heirship). Earl Lee Brackens' last will and testament, dated May 24, 2004, states in relevant part:

> I direct that all of my just debts be paid as soon as practical after my death.
> I will and bequeath unto my wife, LILLIA LEWIS BRACKENS, in full ownership, all of the community property of which I may die possessed. In the event that I may not legally dispose of all of my property, then I will and bequeath unto my wife, the usufruct for life, not terminate in the event of her remarriage, of the non-disposable portion of my estate. . . .
> Subject to the forgoing, I will and bequeath all separate property of which I may die possessed, of every kind and character, wherever situated, unto my children, KELVIN JEROME BRACKENS, MARIE BRACKENS JEFFERSON, and STACEY BRACKENS, and my stepchildren, DEBRA POATS and CLAUDE GRAHAM, in equal portions, or per stirpes, to the descendants of any of my children or stepchildren that may predecease me. . . .
> I name and appoint my wife, LILLIA LEWIS BRACKENS, as independent executrix of my estate, to serve with full seizin and without bond, granting her all rights of an independent executrix conferred by the laws of the State of Louisiana as they now exist or as they may be expanded in the future. . . .
> I hereby direct that my co-executors sell all immovable property of which I die possessed, as soon as practical after my death, and in no event longer than one year, either at public or private sale, after appraisal. After said sale, I direct my co-executors to pay all expenses incurred for said sale, and all succession debts, and distribute the remaining sales proceeds between Kelvin Jerome Brackens, Marie Brackens Jefferson, Stacy Brackens, Debra Poats, and Claude Graham, in equal portions, or per stirpes, to the descendants of any of them.

See id., Exhibits (Lat Will and Testament).

According to the Amended Detailed Descriptive List filed on February 22, 2006 in state court, the gross value of Earl Lee Brackens' estate is $70,400.67.[1]  See id., Exhibits (Amended Detailed Descriptive List).  After subtracting $14,678.38, representing one-half of the community debts and all of the separate debts, the total value of the estate of Earl Lee Brackens is $55,722.29.[2]  See id.

As evidenced by a "Rule to Interpret Provisions of Will" filed on February 22, 2006 in state court, Plaintiff's complaint, and Plaintiff's opposition to the Motion for Summary Judgment, there seems to be a dispute as the whether the property[3] listed as number 2 under separate property of the Amended Detailed Descriptive List was Earl Lee Brackens' community or separate property.  See id.; see also Record Documents 1 & 23.  This property is the home that was shared by Earl Lee Brackens and Defendant as husband and wife.  See Record Document 19-2 at 3.  The "Rule to Interpret Provisions of Will" was set for hearing on March 27, 2006; however, the parties have not advised the Court of the outcome of that hearing.  See Record Document 19, Exhibits (Order).

---

[1] The value of the community property in Earl Lee Brackens' estate is $35, 801.34, with Earl Lee Brackens' one-half equaling $17,900.67.  See Record Document 19, Exhibits (Amended Detailed Descriptive List).  The value of Earl Lee Brackens' separate property is $52,000.00.  See id.

[2] Earl Lee Brackens' community debts totaled $21,656.75 and his separate debts totaled $3,850.00.  See Record Document 19, Exhibits (Amended Detailed Descriptive List).  The total debts of Earl Lee Brackens' succession are $14,678.38, representing one-half of the community debts and all of the separate debts.  See id.

[3] The property is described as "a certain tract or parcel of land located in the Southeast Quarter of Northwest Quarter of Section 23, Township 18 North, Range 7 West, Bienville Parish, Louisiana . . . ."  See Record Document 19, Exhibits (Amended Detailed Descriptive List).

## III. PROCEDURAL BACKGROUND.

On June 7, 2005, Plaintiff filed a complaint in the United States District Court, District of Kansas, alleging Defendant unlawfully conspired, along with her lawyer, to fraudulently deprive him of his inheritance from the estate of his late father. See Record Document 1. He additionally alleged that in so doing, Defendant discriminated against him under the Americans with Disabilities Act, 28 U.S.C. §12111 (1990). See id. Plaintiff seeks "compensatory relief" in the amount of "$300,000.00 in property, and monies owed, [and] $250,00.00 in punitive damages" for a total of $550,000.00. See id. at 8. The case was transferred from the United States District Court, District of Kansas to this Court on June 20, 2005. See Record Document 3.

On August 19, 2005, Defendant answered, pleading (1) lack of jurisdiction based on the probate exception to federal jurisdiction; (2) lack of jurisdiction for failure to meet the amount in controversy requirement of diversity jurisdiction; (3) prematurity of the complaint; (4) failure to state a claim upon which relief can be granted as to the probate proceedings; and (5) failure to state a claim upon which relief can be granted as to the alleged violation of the Americans with Disabilities Act. See Record Document 12. On February 23, 2006, Defendant filed the instant Motion for Summary Judgment on the basis that there are no genuine issues of material fact as to the fraud/conspiracy allegations or the ADA claim. See Record Document 19. Plaintiff filed his opposition to the Motion for Summary Judgment on March 6, 2006. See Record Document 23.

## IV. LAW AND ANALYSIS.

### A. Summary Judgment Standard.

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); see also Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations,

unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075); see also S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511 (1986).

**B.  Subject Matter Jurisdiction.**

Plaintiff plead two bases for this Court to exercise subject matter jurisdiction: (1) diversity of citizenship under Title 28, United States Code, Section 1332(a); and (2) federal question jurisdiction pursuant to the ADA. See Record Document 1, ¶ 1. Defendant has challenged this Court's diversity of citizenship subject matter jurisdiction. See Record Document 19-2 at 4-5. This Court has a duty to verify, *sua sponte*, its subject matter jurisdiction. See Ross v. Marshall, 426 F.3d 745, 751 (5th Cir. 2005); Hernandez ex rel. Hernandez v. Tex. Dep't. of Protective & Regulatory Servs., 380 F.3d 872, 878 (5th Cir.2004); In re McCloy, 296 F.3d 370, 373 (5th Cir.2002). Thus, the Court will now examine each bases of subject matter jurisdiction individually.

### 1. Federal Question Subject Matter Jurisdiction - Americans with Disabilities Act Claim.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In his complaint, Plaintiff appears to allege discrimination under the ADA. See Record Document 1. Based on this pleading, Plaintiff has plead federal question jurisdiction pursuant to his claim under the ADA. Defendant has moved for summary judgment on this claim, arguing that Plaintiff has made no allegations which would assert or support a cause of action under the ADA. The Court agrees.

Other than the conclusory statement in his complaint that "Defendants did discriminate against the plaintiff as to his disabilities," Plaintiff has come forward with no evidence ti support his ADA claim. Further, Plaintiff's ADA claim is defeated by the plain language of the statute. Title 42, United States Code, Section 12112(a) states:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). A covered entity is defined as "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). Here, Defendant is not a covered entity and this case does not deal with job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

The ADA further provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the

services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A public entity is defined as "any State or local government; any department, agency, special purpose district, or other instrumentality of a State or States or local government; and the National Railroad Passenger Corporation, and any commuter authority." 42 U.S.C. § 12131(1). Like the employment provision of the ADA, this provision of the ADA does not apply to the instant matter, as Defendant is clearly not a public entity. Accordingly, summary judgment is granted and Plaintiff's ADA claims are dismissed with prejudice.

### 2. Subject Matter Jurisdiction Over Remaining Claims.

This Court has granted summary judgment on Plaintiff's only federal claim. Plaintiff's remaining claims relating to the allegations that Defendant unlawfully conspired, along with her lawyer, to fraudulently deprive him of his inheritance from the estate of his late father are "pendent" state law claims. A district court may, and the general rule is that it should, decline to exercise supplemental jurisdiction over pendent state law claims if it has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3); Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1465 (5th Cir.), cert. denied, 516 U.S. 818, 116 S.Ct. 75 (1995) (district court did not abuse discretion by remanding state law claims). Thus, unless Plaintiff can establish diversity of citizenship subject matter jurisdiction, the appropriate disposition of Plaintiff's remaining state law claims is to dismiss them without prejudice.

Plaintiff has plead diversity of citizenship under Title 28, United States Code, Section 1332(a) for his remaining claims relating to the allegations that Defendant unlawfully conspired, along with her lawyer, to fraudulently deprive him of his inheritance

from the estate of his late father. Defendant has moved for summary judgment, arguing that competent summary judgment evidence, namely the pleadings in the state court probate proceeding, reveal that Plaintiff has not met the amount in controversy requirement for diversity of citizenship subject matter jurisdiction.[4]

Section 1332(a) states, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions **where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs** . . . ." 28 U.S.C. § 1332(a) (emphasis added). In St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250 (5th Cir. 1998), the Fifth Circuit stated:

> The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it. It has long been recognized that unless the law gives a different rule, **the sum claimed by the plaintiff controls if the claim is apparently made in good faith**. **To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount**. We have previously indicated, however, that this legal certainty test has limited utility-in fact is inapplicable-when the plaintiff has alleged an indeterminate amount of damages. Furthermore, **bare allegations [of jurisdictional facts] have been held insufficient to invest a federal court with jurisdiction**.

Id. at 1253 (internal citations and quotations omitted) (emphasis added).

To make the threshold determination of whether the amount in controversy requirement is met, the Court will look to Plaintiff's complaint. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290, 58 S. Ct. 586, 591 (1938). Here, Plaintiff has plead a specific amount of damages, seeking compensatory relief in the amount of "$300,000.00 in property, and monies owed, [and] $250,00.00 in punitive damages" for a

---

[4] The complete diversity of the parties is not in dispute, as Plaintiff is a resident of Kansas and Defendant is a resident of Louisiana. See Record Document 1, ¶¶ 3-4.

total of $550,000.00.  See Record Document 1 at 8.

The terms of Earl Lee Brackens' last will and testament provides that community property passes to Defendant and that separate property passes to his three children and two step children.  See Record Document 19, Exhibits (Last Will and Testament).  The Amended Detailed Descriptive List evidences that the **total value** of Earl Lee Brackens' succession, including both separate and community property, is **$70,400.67**.  See id., Exhibits (Amended Detailed Descriptive List).  After subtracting the total debts of the succession, the **net value** of Earl Lee Brackens' succession is **$55,722.29**.  See id.  The calculation in the Amended Detailed Descriptive List includes the home that was shared by Earl Lee Brackens and Defendant as husband and wife as separate, not community, property.  See id.  Such inclusion is favorable to Plaintiff.

The value of Earl Lee Brackens' estate, as set forth in the Amended Detailed Descriptive List, is also consistent with the affidavit of Jonathan M. Stewart ("Stewart"), who is the attorney of record for Defendant in not only this proceeding, but also in the state court probate proceeding.  See Record Document 19-4.  Specifically, Stewart notes that the only "substantive issue in this succession is whether the house and lots on which it sits should be treated as community property or separate property."  Id., ¶ 5.  Again, this statement is in reference to the home that was shared by Earl Lee Brackens and Defendant as husband and wife and was included in the Amended Detailed Descriptive List as separate property.  Stewart certifies that such property has been appraised for $52,000.00 and provided the Court with two restricted appraisals reflecting the value of $52,000.00.  See id.

The Court notes at the outset that neither the total value, nor the net value of Earl Lee Brackens' estate meets the amount in controversy requirement under section 1332(a). Even if this Court were to assume *arguendo*, an assumption that would be very generous to Plaintiff, that Earl Lee Brackens' estate consisted only of separate property, Plaintiff will be entitled to one-fifth of such property. One-fifth of $70,400.67 is approximately $14,080.00 and one-fifth of $55,722.29 is approximately $11,144.00. Further, even if Earl Lee Brackens' two step children were removed from the equation and the separate property was divided among only the three natural children, Plaintiff's one-third share of $70,400.67 is approximately $23,467.00 and one-third share of $55,722.29 is approximately $18,574.00. Thus, even in the light most favorable to Plaintiff, he has failed to meet his burden of establishing the requisite amount in controversy. See St. Paul Reinsurance Co., Ltd., 134 F.3d at 1253. In light of the detailed descriptive lists filed in the state court probate proceeding, the sums claimed by Plaintiff as "monies owed" were apparently not made in good faith. See id. Further, the Court finds, with legal certainty, that Plaintiff's claim for monies owed is really for less than the jurisdictional amount. See id.

In opposing the Motion for Summary Judgment, Plaintiff does argue that the estimated value of Earl Lee Brackens' estate should not be accepted, but he offers no alternate estimate and/or competent summary judgment evidence to support his position that the estimated value is inaccurate. Plaintiff merely asserts in his complaint that he is owed $300,000 from his father's estate. Record Document 1 at 8. Further, in his opposition to the Motion for Summary Judgment, Plaintiff stated:

As far as the cost in question, that is exactly what it is, in question. Mr.

> Stewart totals the whole estate worth only $55,722.22 well that has not been determined by the courts as of yet, so we really don't know how much it's worth. That is a number that the enemy came up with and it is clear that he can't be trusted.

Record Document 23 at 4. Clearly, this is the type of bare allegations that the Fifth Circuit has held will not suffice to invest a federal court with subject matter jurisdiction. See St. Paul Reinsurance Co., Ltd., 134 F.3d at 1253.

As to his claim for monies owed from his deceased father's succession, Plaintiff has failed to meet his burden of proving he meets the jurisdictional amount in controversy requirement under section 1332. He has presented nothing more than bare allegations to contradict Defendant's competent summary judgment evidence regarding the estimated value of Earl Lee Brackens' estate. Simply put, the disparity between the asserted satisfaction of the jurisdictional amount and the evidence presented evinces a lack of good faith, and Plaintiff's allegations of fraud and conspiracy, which are unsupported, does not cure the disparity.

Plaintiff also claims $250,000.00 in punitive damages. See Record Document 1 at 8. Under Erie, this Court is bound to apply Louisiana substantive law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817 (1938). "In Louisiana, punitive damages are not allowed except for some particular wrong for which a statute expressly authorizes the imposition of such a penalty." Crawford v. American Nat. Petroleum Co., 2000-1063 (La.App. 1 Cir. 12/28/01), 805 So.2d 371, 384-385. Plaintiff, who bears the burden of establishing subject matter jurisdiction, has failed to identify the statutory provision under which he is seeking punitive damages and the Court knows of no Louisiana statute providing for such punitive damages in this instance. Thus, the Court finds that Plaintiff's

punitive damages demand was not made in good faith under Louisiana law. Plaintiff has cited no authority for such claim and the claim is insufficient to invest this Court with subject matter jurisdiction.

Because this Court has declined to exercise supplemental jurisdiction over Plaintiff's remaining claims and Plaintiff has failed to meet his burden of establishing diversity of citizenship subject matter jurisdiction, Plaintiff's pendent state law claims relating to the allegations that Defendant unlawfully conspired, along with her lawyer, to fraudulently deprive him of his inheritance from the estate of his late father are dismissed without prejudice.

## V. CONCLUSION.

Based on the foregoing, the Motion for Summary Judgment (Record Document 19) filed by Defendant is granted in part and denied in part. Plaintiff's ADA claim is dismissed with prejudice. Plaintiff's remaining claims are dismissed without prejudice, as the Court declines to exercise supplemental jurisdiction over those claims and diversity of citizenship subject matter jurisdiction does not exist over those claims.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 27th day of June, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE